16 F.3d 422
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 James D. LAIR, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3250.
 United States Court of Appeals, Federal Circuit.
 Dec. 29, 1993.
 
 Before MICHEL and PLAGER, Circuit Judges, and MESKILL, Senior Circuit Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner James D. Lair seeks review of a final decision of the Merit Systems Protection Board (MSPB) affirming the termination of his employment by the respondent, United States Postal Service (USPS or agency). The initial decision of an administrative judge (AJ) became final on February 8, 1993, when the MSPB denied Lair's petition for review. We affirm.
 
 DISCUSSION
 
 2
 Our standard of review in this appeal is narrowly defined by statute. We must affirm the AJ's decision unless it was
 
 
 3
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 4
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 5
 (3) unsupported by substantial evidence.
 
 
 6
 5 U.S.C. Sec. 7703(c).
 
 
 7
 On appeal, Lair first argues that the AJ abused his discretion in sustaining Lair's termination because the imposed penalty was disproportionately harsh and unreasonable. Lair asserts that the agency and the AJ improperly weighed the applicable aggravating and mitigating factors, see Douglas v. Veterans Administration, 5 M.S.P.R. 280, 308 (M.S.P.B.1981), to determine that termination was a reasonable penalty. We disagree.
 
 
 8
 "Our review of penalty ... is highly deferential.... While, as the AJ acknowledged, the penalty must be reasonable in light of the sustained charges, our court has effectively defined reasonable in this context to mean merely that the agency's choice of penalty not be 'grossly disproportionate to the offense.' " Webster v. Department of Army, 911 F.2d 679, 685-86 (Fed.Cir.1990) (quoting Miguel v. Department of Army, 727 F.2d 1081, 1083 (Fed.Cir.1985)); see also Baker v. Department of Health and Human Servs., 912 F.2d 1448, 1456 (Fed.Cir.1990).
 
 
 9
 Although we might agree with Lair and with the AJ that a lesser penalty, such as demotion, would have been preferable to termination, we cannot conclude that the AJ abused his discretion in upholding the agency's decision. The AJ carefully considered each of the appropriate Douglas factors and gave weight to several mitigating factors. Those mitigating factors included Lair's lack of intent to cause hundreds of pieces of mail to be delivered after having been imprinted with the "Bruce V." message, the inconsistency of Lair's penalty with penalties imposed for similar offenses, Lair's apologies and contrition, the request by Bruce V. that Lair not be removed, and Lair's psychological and emotional problems. The mitigating factors were offset, however, by several aggravating factors, such as Lair's previous job performance problems and discipline, his role as a supervisor who must be held to a higher standard of conduct, the notoriety of the incident, the embarrassment suffered by innocent persons because of this incident, and the USPS's loss of confidence in Lair. Although Lair contends that his lack of intent regarding the consequences of his actions should have been given more weight by the AJ, we conclude that the AJ acted within his discretion in sustaining the agency's decision because termination was not grossly disproportionate to Lair's misconduct.
 
 
 10
 Lair's second claim on appeal is that the agency's deciding official, Sioux Falls Postmaster Colleen Hoar, predetermined the decision to remove him. In support of this argument, Lair relies on statements by Hoar that petitioner's "offense alone, in my mind, is worth termination," and by other USPS officials that "[m]ore than likely the person who did it will be fired." Lair contends that the AJ erred in sustaining the agency's decision because that decision, having been predetermined, could not have been the result of a balancing of the Douglas factors. We are not persuaded.
 
 
 11
 We conclude that the AJ's finding that the agency, and Hoar in particular, had not predetermined Lair's penalty is supported by substantial evidence. With respect to a postal official who had been quoted in the media as stating that Lair would be fired, the AJ credited the official's testimony that he had been misquoted. Moreover, because that official was not the decisionmaker in Lair's termination, the statements have no relevance to Hoar's decision in this case. Additionally, the AJ found that Hoar had sincerely and thoughtfully considered the propriety of termination rather than demotion. Because these findings are supported by substantial evidence, Lair's claim of predetermination fails. Accordingly, we affirm.
 
 
 12
 PLAGER, Circuit Judge, dissenting.
 
 
 13
 I respectfully dissent. The penalty, in light of petitioner's acts and purpose, is harsh, and, in my judgment, disproportionate. This is not a case of a generally incompetent employee, who, given good cause, should be removed from federal service. Nor is it a case of an employee who set in motion a readily foreseeable chain of unwanted events. We have here a practical joke that got out of hand and caused the agency considerable embarrassment. The record reflects a petitioner who accepts responsibility for his wrong. Removal, perhaps permanently, from a supervisory position would have been fully justified; removal from employment, in my judgment, is not. Under the Douglas factors, the AJ's approval of the agency's decision to remove was an abuse of discretion. See Jackson v. Veterans Admin., 768 F.2d 1325 (Fed.Cir.1985); Miguel v. Dep't of the Army, 727 F.2d 1081 (Fed.Cir.1984).
 
 
 14
 Accordingly, I would remand for a determination of a lesser penalty.
 
 
 
 *
 The Honorable Thomas J. Meskill, Senior Circuit Judge, U.S. Court of Appeals for the Second Circuit, sitting by designation